UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

Manuel De Jesus Hernandez Chirinos and
Juan Roberto Rodríguez, INDIVIDUALLY
ON BEHALF OF THEMSELVES AND
ALL OTHERS SIMILARLY SITUATED,

                        Plaintiffs,

v.

AVENA CONTRACTING, LLC

and

AR PRECISION, INC.

                        Defendants.

CASE NO. _____

## COMPLAINT

### Introduction

1.      This is a collective and class action suit for unpaid overtime and misclassification under federal and state law. Plaintiffs Manuel De Jesus Hernandez Chirinos ("Hernandez") and Juan Roberto Rodriguez ("Rodriguez") each individually, on behalf of themselves, and on behalf of all others similarly situated (collectively "Plaintiffs" or "Class Representatives"), respectfully move for judgment against Defendants AR Precision, Inc. ("AR") and Avena Contracting LLC ("Avena") (collectively "Defendants") for failing to pay their employees in accordance with the Fair Labor Standards Act ("FLSA"), Virginia Overtime Wage Act ("VOWA"), and misclassifying their employees as independent contractors in violation of Virginia Misclassification Law.

2. Wage theft has been a pervasive issue in the Commonwealth of Virginia, so much so that the General Assembly recently adopted statutes designed to compensate its victims and incentivize employers' compliance with the law. Worker misclassification is another form of wage theft and payroll abuse where workers that should be classified as employees are illegally classified as independent contractors. By misclassifying workers, employers are denying their employees from receiving lawful wages and benefits while simultaneously underfunding social insurance programs like Social Security, Medicaid, unemployment insurance, and workers' compensation. A common form of misclassification and wage theft is through subcontractors who fail to follow federal and state wage/hour and misclassification laws. Defendants and their subcontractors have engaged in such conduct, the effect of which is to deny employees on their construction sites their lawfully owed wages and benefits in violation of federal and Virginia wage and misclassification laws.

3. This complaint seeks relief for claims of unpaid overtime in violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., ("FLSA") arising out of work that Plaintiffs individually, and others similarly situated performed for the benefit and at the direction of the Defendants.

4. Class Representatives bring their FLSA claims as a collective action on behalf of themselves and those similarly situated ("Plaintiffs and the Putative Collective Members") against Defendants. Class Representatives ask that if this case is not certified as a collective action that they be permitted to proceed individually with their claims.

5. Plaintiffs bring their VOWA claims as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of themselves and those similarly situated ("Putative Class Members") against Defendants.

6.  Through this proceeding, Plaintiffs and the Putative Class Members seek to recover damages associated with their misclassification pursuant to Va. Code § 40.1-28.7:7. These state law claims are brought as class actions under Rule 23 of the Federal Rules of Civil Procedure.

7.  Plaintiffs' Consents to join this lawsuit are attached hereto as Exhibit 1.

## Jurisdiction and Venue

8.  This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and (c) in that the Plaintiffs may bring this action in any appropriate United States District Court.

9.  Venue is proper for this Court pursuant to 28 U.S.C. § 1391 and Local Rule 2(b) because a substantial part of the events and omissions giving rise to this lawsuit have taken place in Virginia Beach, Virginia in the Norfolk Division of Eastern District of Virginia.

10. Defendants are subject to personal jurisdiction in the Commonwealth of Virginia.

## Parties

11. Plaintiffs and Putative Class Members performed labor in the Virginia Beach, Virginia area within the last three years for the benefit of, and at the direction and under the supervision of Avena and AR. Plaintiffs and Putative Collective Members were "employees" of Defendants as defined in the FLSA.

12. Hernandez is a resident of Virginia and was employed from August 6, 2024 to December 20, 2024, in Virginia Beach, Virginia by Avena and AR.

13. Rodriguez is a resident of Virginia and was employed from September 2, 2024 until January 2, 2025, in Virginia Beach, Virginia by Avena and AR.

14. Avena Contracting LLC ("Avena") is a Maryland corporation with its principal place of business in Baltimore, Maryland. Its corporate headquarters are located at 3 Nashua

Court, Baltimore, MD, 21221. Avena is authorized to transact business in Virginia. Avena is a sub-contractor who contracts with general contractors on specific construction projects, including those named below. Avena generally provides framing, drywall, and ceiling work for the general contractors on construction projects. Avena meets the definition of "employer" as defined in the FLSA and VOWA.

15. AR Precision, Inc. ("AR") is a Maryland corporation with its principal place of business located in Catonsville, MD. Its corporate headquarters are located at 1206 Redcliffe Road Catonsville, MD 21228. AR meets the definition of "employer" as defined in the FLSA and VOWA.

16. AR was as a labor broker for Avena (hereinafter "Labor Broker"). As a Labor Broker or sub-subcontractor of Avena, AR provides Avena with laborers to perform the labor associated with the framing, drywall, and ceiling work for which Avena is paid by the general contractors. Avena pays those laborers through AR, with Avena paying AR a flat hourly rate for each man hour the laborers work and AR paying the individual laborers a flat hourly rate for their work.

17. Each Plaintiff and potential opt-in Plaintiff was/is paid through AR as described above for the work they performed for Avena during the period from three years before the filing of this case to last date Plaintiffs are allowed to join the case

18. Although Plaintiffs and potential opt-in Plaintiffs worked more than forty (40) hours for Avena/AR in one or more weeks, they did not receive proper overtime compensation as required by the FLSA and VOWA.

**Factual Allegations**

19. Plaintiffs and other similarly situated laborers were individually hired to work as laborers for Avena on the Amazon Fulfillment Center in Virginia Beach, Virginia.

20. Defendant Avena is a sub-contractor who contracts with general contractors on specific construction projects. The Conlan Company ("Conlan") was the general contractor responsible for the Amazon Fulfillment Center.

21. Avena generally provides framing, drywall, and ceiling work for general contractors on construction projects.

22. Avena contracted with the Labor Broker AR to provide laborers to perform the labor associated with the framing, drywall, and ceiling work for which Avena was paid by the general contractor Conlan.

23. Plaintiffs were each individual laborers who performed such work for the benefit of Avena as are/were the opt-in Plaintiffs. Others similarly situated to Plaintiffs were laborers who performed such work for the benefit of Avena.

24. Plaintiffs and similarly situated laborers received job instructions and supervision from at least one of Avena's construction foremen.

25. Each Plaintiff received a work vest, which had AR written on it.

26. No Plaintiff or similarly situated laborer performed any work for Avena without Avena providing a construction foreman on the jobsite to provide management and supervision of Plaintiff's work and the work of similarly situated laborers.

27. Neither Plaintiffs nor the Putative Class/Collective Members were permitted to perform any work for Avena without Avena providing safety personnel on the jobsite. Mike, the

Safety Foreman, would instruct the Plaintiffs and putative class every day on safety and would supervise and ensure all safety requirements were being met to Avena's satisfaction.

28. Each morning, Plaintiffs would sign in on a sign-in sheet titled in typed print "Avena Contracting LLC", above it "AR" was handwritten.

29. Each morning, Plaintiffs would receive a safety talk from Avena complete warm up stretches and start working.

30. On information and belief, on all Avena jobsites, Avena exercised the following control over Plaintiffs, and those similarly situated:

   a. the authority to hire and fire;
   b. determined the nature, location, work hours and extent of the construction work that Plaintiffs, and those similarly situated, were to perform each day;
   c. the foremen managed and supervised the work of Plaintiffs and other similarly situated laborers;
   d. Avena safety personnel oversaw the Plaintiffs and other similarly situated laborers
   e. as a sub-contractor, Avena had substantial control over the premises at which Plaintiffs worked, and over the premises at which similarly situated laborers worked;
   f. Plaintiffs, and the other similarly situated laborers, were required to record their time and submit to Avena for each day that they worked on the construction site, so that Avena had timesheets and knew how many hours Plaintiffs, and other similarly situated laborers, worked;

31. Plaintiffs and other similarly situated laborers showed up to work with only modest hand tools, as is common in the construction industry.

32. Avena provided all heavy tools necessary for Plaintiffs and other similarly situated laborers to do the construction work required, including ladders, scaffolding, scissor lifts, durabond, blades, chopsaws, sledgehammers, and the like.

33. Avena also provided all construction materials, like framing metal, drywall, screws, lumber, and other construction materials, necessary for Plaintiffs and for other laborers to do the construction work required.

34. For the first few months of his employment with Avena, Plaintiff Hernandez worked typically worked fifty-six (56) hours, the next few months until his termination, he generally worked forty-eight (48) hours a week.

35. Plaintiff Rodriguez also worked either fifty-six (56) hours or forty-eight (48) hours per week.

36. Plaintiffs worked ten (10) hours per day Monday-Thursday from approximately 6:30 a.m. to 5:00 p.m., and eight (8) hours per day on Fridays. When Plaintiffs worked on Saturdays, they worked eight (8) hours.

37. Hernandez and Rodriguez were both employed as drywall mechanics for Avena through the Labor Broker AR at a rate of $23.00 per hour.

38. Plaintiffs received their paychecks from AR. The Plaintiffs' paychecks did not have any deductions taken out.

39. Similarly situated laborers worked similar hours through their employment with Defendants, totaling more than forty (40) hours per week.

40. Despite working more than forty (40) hours per week, Plaintiffs did not get paid their overtime at a time and a half rate for hours worked over forty (40).

41. Instead, Plaintiffs were paid $27.50 for all hours in excess of forty (40) hours.

42. The correct overtime rate for Hernandez and Rodriguez, who were paid $23.00 per hour would have been $34.50 per hour.

43. Despite working more than forty (40) hours per week, other laborers similarly situated to Plaintiffs did not get paid at the proper overtime rate of time and a half rate for hours worked over forty (40).

44. For example, for the weeks ending in November 1, 2024, November 8, 2024, November 22, 2024, and November 29, 2024 Hernandez was paid a check by AR for $1,140.80 for 48 hours of work. See Exhibit 2. Hernandez's hourly rate was $23.00 per hour. He received $27.50 for hours worked in excess of forty (40). Whereas if Rodriguez had received overtime at the correct overtime rate of 1.5 x his regular rate, he would have received 40 hours x $23.00/hour + 8 hours ($23.00/hour x 1.5) =$1,196.00. He is owed $55.20 in overtime compensation for each of those weeks.

45. Upon information and belief, Avena hired Plaintiffs individually, and hired similarly situated laborers through Labor Brokers with the intent to lower labor costs by denying such laborers basic rights including overtime wages guaranteed by the FLSA.

46. Avena and AR knew Plaintiffs and similarly situated laborers worked overtime hours without getting paid an overtime premium.

47. Plaintiffs each individually were not employed in any bona fide executive, administrative, or professional capacity. Their fellow laborers were not employed in any bona fide executive, administrative, or professional capacity.

48. Plaintiffs and their fellow laborers performed blue collar, manual work.

49. Based on the nature of the job duties of Plaintiffs and the job duties of their fellow laborers, there is no FLSA exemption that applies to preclude them from being paid overtime at one and one-half times their regular rate of pay for all hours worked in excess of forty (40) per week.

50. Avena and AR willfully violated the FLSA by knowingly failing to pay the proper overtime rate.

51. At all relevant times Avena and AR intended to deprive Plaintiffs individually and similarly situated laborers of the overtime pay to which they were entitled or acted with reckless disregard for the rights of Plaintiffs individually and similarly situated laborers.

52. Avena's and AR's violation of the FLSA rights of the laborers is continuing and ongoing.

53. The economic reality of the relationship between the Defendants and Plaintiffs, and the Putative Class/Collective Members, is that of an employment relationship. Plaintiffs, and those similarly situated, are, and have been, misclassified as Independent Contractors by Defendants. For example:

    a. Defendants closely monitor and direct the day-to-day operation of Plaintiffs and the Putative Class/Collective Members. Plaintiffs and the Putative Class/Collective Members have no discretion over their duties, responsibilities and daily tasks.

    b. Defendants retain the right to assign laborers to specific jobs and aspects of those jobs.

    c. Defendants determine the rates charged to contractor Conlan.

9

  d. Defendants determine the amounts paid to Plaintiffs and the Putative Class/Collective Members.

  e. Defendants control all aspects of the availability for profit.

  f. Defendants have massive oversight as to actual conduct of the work to be performed such as requiring safety equipment, specific tools and practices of the trade.

### Allegations Regarding the Labor Broker

54. Avena is/was the employer or an employer of all current Plaintiffs and similarly situated laborers, and all Plaintiffs and similarly situated laborers are/were employees of Avena, under the FLSA.

55. Alternatively, the Labor Broker, AR, is/was the employer or an employer of the Plaintiffs and similarly situated laborers paid through AR and all Plaintiffs and similarly situated laborers are employees of the Labor Broker that paid them, under the FLSA.

56. Alternatively, Avena and the Labor Broker AR are joint employers of Plaintiffs, and all similarly situated laborers under the FLSA. As to any particular Plaintiff or similarly situated laborer, the joint employers are Avena and AR through which that Plaintiff or similarly situated laborer has been paid for working on Avena jobs.

57. AR is/was an employer of Plaintiffs and similarly situated laborers because they pay or paid Plaintiffs and similarly situated laborers for the work, they perform on the Avena job.

58. Avena and AR are joint employers of Plaintiffs and similarly situated laborers because, among other reasons, Avena and AR jointly determine, share, or allocate the power to:

  a. direct, control, or supervise the laborers;

  b. hire or fire the laborers; and

        c.      modify the terms or conditions of the laborers' employment.

59. In addition, Avena and AR are joint employers of Plaintiffs and similarly situated laborers because, among other reasons, Avena and AR jointly determine, share, or allocate responsibility over functions ordinarily carried out by an employer, such as handling payroll; or providing the equipment, tools, or materials necessary to complete the work. For example, Avena provides heavy tools and equipment and all materials for laborers to complete the work and AR administers the payments to the individual laborers for their work.

60. AR willfully violated the FLSA and VOWA by knowingly failing to pay overtime.

61. At all relevant times AR intended to deprive each Plaintiffs individually and similarly situated laborers of the overtime pay to which they were entitled or acted with reckless disregard for the rights of each Plaintiff individually and similarly situated laborers.

62. AR's violations of the FLSA and VOWA rights of the laborers is continuing and ongoing.

## Representative Action Allegations for FLSA Claims

63. Plaintiffs file this statutorily authorized collective action pursuant to 29 U.S.C. § 216(b) as Representative Plaintiffs.

64. For purposes of the collective claims, Plaintiffs bring their FLSA claims on behalf of themselves and all past and present laborers of Avena who, within the three years prior to filing were hired through Labor Brokers to provide framing, drywall, ceiling, and similar construction labor for the benefit of Avena under the supervision of Avena's foremen, who

worked more than forty (40) hours per week and were not paid an overtime premium for hours worked over forty (40).

65. Plaintiffs are aware of other laborers who are similarly situated.

66. Plaintiffs estimate that there may be forty (40) or more similarly situated individuals due to high turnover of laborers who were deprived of overtime pay, and who continue to be so deprived, who were hired by Avena directly or through AR.

67. Plaintiffs believe and thereon allege that AR has been used by Avena within the past three years, and continuing, as part of a common plan or scheme to avoid paying overtime wages on construction projects.

68. Upon information and belief, these laborers were paid, and continue to be paid, under a similar pay scheme which deprived them of the proper overtime pay.

69. Upon information and belief, these laborers perform, and have performed, work which entitles them to payment of overtime compensation that they have not received.

70. Upon information and belief, Avena and AR compensated, and continue to compensate, those similarly situated to Plaintiffs on a uniform compensation basis.

71. Avena's policy of using a Labor Broker, AR, to avoid paying overtime amounted to a willful or reckless disregard of its employees' rights under the FLSA.

72. AR's policy of not paying proper overtime amounted to a willful or reckless disregard of the employees' rights under the FLSA.

73. Avena had no good faith basis to believe that these employees were not entitled to minimum wages and overtime under the FLSA.

74. AR had no good faith basis to believe that these employees were not entitled to minimum wages and overtime under the FLSA.

75. Plaintiffs assert that Defendants' willful disregard of the overtime laws described herein entitles Plaintiffs individually and similarly situated employees to the application of the three (3) year limitations period.

76. Plaintiffs' job duties, and the job duties of those similarly situated to Plaintiffs, are not exempt from the coverage of the FLSA.

77. At all relevant times, all Plaintiffs and other similarly situated employees have been entitled to the rights, protections, and benefits provided under the FLSA.

### Class Action Allegations

#### A. Class Definition

78. Plaintiffs, the Rule 23 Class Representatives, seek to maintain claims pursuant to Va. Code §§ 40.1-28.7:7, 40.1-29, and 40.1-29.2, individually and on behalf of classes of current and former laborers who worked on the Amazon Warehouse Fulfillment project within Virginia for Defendants:

   a. During any time within three years prior to the filing of this action, who were misclassified as independent contractors and were paid by Avena and or AR.

   b. During any time within three years prior to the filing of this action, who were assigned and/or worked within Virginia and who worked more than forty (40) hours in a workweek without receiving full overtime compensation.

79. On information and belief, Plaintiffs and all others similarly situated were made to assent to the same pay scheme, the same [mis]classification as an Independent Contractor, and the same work requirements.

### B. Efficiency of Class Prosecution of Common Claims

80. Certification of current and former laborers is the most efficient and economical means of resolving the questions of law and fact which are common to the claims of the Plaintiffs and the Putative Class Members. Conversely, proceeding on an individual basis will require the filing of potential scores of duplicative individual suits which will waste judicial time and resources and create the risk of inconsistent or varying adjudications of common issues.

### C. Numerosity and Impracticality of Joinder

81. On information and belief, the class which the Class Representatives seek to represent is forty (40) or potentially higher due to high turnover, individuals such that joinder is impracticable.

### D. Common Questions of Law and Fact

82. Defendants' use of laborers and the propriety of their pay scheme(s) and classification of laborers presents common issues of fact in this matter. Moreover, the challenged pay and classification practices apply uniformly and present identical questions of law and fact with respect to the Class Representatives and those whom they seek to represent.

### E. Typicality of Claims and Relief Sought

83. The claims of the Class Representatives are typical of those of the class members as a whole in that their claims are based on the same contract and business and compensation practices. The relief sought by the Class Representatives for unpaid overtime wages and misclassification compensation is also typical of the relief which is sought on behalf of the class.

### F. Adequacy of Representation

84. Plaintiffs are adequate class representatives for all classes. Their interests are co-extensive with those of the members of the proposed classes they seek to represent.

Additionally, there is substantial overlap amongst the membership of the subclasses. Plaintiffs have an intimate knowledge of their duties and the Defendants' pay practices. They are committed to being representatives of the class and have retained counsel experienced in prosecuting class action employment cases to protect the interests of the class.

### G.  Rule 23(B)(3) Requirements

85. Common questions of law and fact predominate over any questions affecting only individual members because the basis of the claims herein is the common application of the nonpayment of full overtime wages, as well as Defendants' practice of treating their laborers as independent contractors.  Such policies and practices are applicable to all class members.

86. A class action is superior to other available methods for adjudicating the controversy because other methods would involve the filing of numerous individual claims that are based on the same centralized scheduling and compensation facts and the same legal issues regarding same. Numerous individual cases similar to Plaintiffs' would clog the Court's docket and waste judicial time and resources. Moreover, multiple individual cases based on the same legal issue(s) could lead to inconsistent or varying adjudications of the same issue(s).

87. The Putative Class Members do not have a substantial interest in individually controlling a separate action because any such claim would be based on the same centralized contractual compensation practices and their recovery in either an individual or class action will be based on the amount of wages, overtime compensation, or other damages that each Plaintiff has been denied by Defendants.

88. The Class Representatives and counsel are not aware of any other litigation concerning the controversy that has already begun by proposed class members within the Commonwealth of Virginia.

89. It is desirable to concentrate the claims in this forum because the employment practices complained with respect to the Class Representatives occurred in this forum.

90. Class Representatives and counsel do not foresee any substantial difficulties in managing a class action and counsel is experienced in managing class action litigation in this forum.

## COUNT I
### Violation of the FLSA: Failure to Pay Overtime Compensation
### (Collective Action)

91. This count arises from Defendants violation of the FLSA by failing to pay the correct overtime to Plaintiffs and the Putative Collective Members when they worked over forty (40) hours in individual workweeks.

92. Plaintiffs and Putative Collective Members were not exempt from the overtime provisions of the FLSA.

93. Plaintiffs and the Putative Collective Members were directed by Defendants to work, and did work, over forty (40) hours in one or more individual workweeks.

94. Defendants did not pay Plaintiffs, and the Putative Collective Members overtime compensation properly.

95. Defendants violated the FLSA by failing to properly pay overtime to Plaintiffs and the Putative Collective Members, at one-and-one-half times their regular rate of pay when they worked over forty (40) hours in one or more individual workweeks.

96. Defendants' failure to pay Plaintiffs and the Putative Collective Members one-and-one-half times their regular rate for all time worked over forty (40) hours in a workweek was willful.

## COUNT II
### Misclassification of Workers: Violation of Va. Code § 40.1-28.7:7
### (Class Action)

97. Va. Code § 40.1-28.7:7 permits misclassified workers to bring an action for damages against violating employers.

98. Plaintiffs, and others similarly situated, performed drywall finishing and associated tasks for Defendants in exchange for renumeration.

99. Plaintiffs and others similarly situated, were misclassified as independent contractors by Defendants despite not meeting the "Internal Revenue Service guidelines" for evaluating independent contractor status.

100. Plaintiffs and others similarly situated, are entitled to damages caused by such misclassification, including wages, salary, employment benefits, including expenses incurred by the employee that would otherwise have been covered by insurance, and impermissible chargebacks or deductions or other compensation lost, plus reasonable attorneys' fees and costs incurred in bringing this action.

## COUNT III
### Failure to Pay Overtime under VOWA: Violation of Va. Code § 40.1-29.2
### (Class Action)

101. Defendants have knowingly violated the Virginia Overtime Wage Act, Va. Code § 40.1-29.2, by failing to pay overtime properly to Plaintiffs and the Putative Class Members when they worked over forty (40) hours in individual workweeks.

102. Plaintiffs, and all others similarly situated, were not exempt from the overtime provisions of Va. Code § 40.1-29.2.

103. Plaintiffs and the Putative Class Members are and were directed by Defendants to work, and did work, over forty (40) hours in one or more individual workweeks.

104. Defendants violated Va. Code § 40.1-29.2 by failing to pay overtime to Plaintiffs

and others similarly situated, at one-and-one-half times their regular rate of pay when they worked over forty (40) hours in one or more individual workweeks.

105. Defendants' failure to pay Plaintiffs and the Putative Class Members one-and-one-half times their regular rate for all time worked over forty (40) hours in a workweek was willful and knowing.

106. Plaintiffs bring this action on behalf of the class for all violations alleged herein commencing July 1, 2021, and ongoing.

107. Pursuant to Va. Code §§ 40.1-29(J), Plaintiffs and others similarly situated are entitled to recover payment of their unpaid overtime wages, an equal amount of liquidated damages, prejudgment interest, and attorney's fees.

## Relief Requested

Wherefore, Plaintiffs request the following Relief against Defendants, individually, collectively, jointly, and severally:

    a. An order conditionally certifying Putative Collective Action Members and approving a notice to be sent to all such members, notifying them of this representational lawsuit and their ability to file a written consent to join in this action without threat or fear of reprisal;

    b. Certification of the Classes pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    c. Judgment against all Defendants for violations of the overtime provisions of the FLSA and VOWA;

    d. All unpaid wages and overtime damages due to Plaintiffs and Members of the FLSA Collective and the state law class action claims;

    e. All unpaid wages, salary, or benefits due to the Class as result of Defendants misclassification scheme pursuant to Va. Code § 40.1-28.7:7;

    f. Judgment that Defendant's violations of overtime laws were willful;

    g. Liquidated damages equal to the unpaid overtime and/or unpaid wage compensation due under FLSA and VOWA;

    h. All other damages available under Va. Code § 40.1-29(J) for all claims where such relief is available;

    i. Pre-judgment and post-judgment interest;

    j. Reasonable attorneys' fees and costs including expert fees expended in the prosecution of this case and the investigation that preceded it;

    k. Leave to amend to bring additional claims and/or parties, including but not limited to allowing all named and opt-in Plaintiffs to proceed with their individual claims should this case not proceed as a collective or class action for any reason; and

    l. Any and all further relief permissible by law.

## Demand for Jury Trial

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby request a TRIAL BY JURY for all claims and issues so triable.

    Respectfully submitted,
    **Manuel De Jesus Hernandez Chirinos and Juan Roberto Rodríguez**, on behalf of themselves and all others similarly situated,

    Plaintiffs

By: */s/ Craig Juraj Curwood*
Craig Juraj Curwood (VSB No. 43975)
Zev H. Antell (VSB No. 74634)
Samantha R. Galina (VSB No. 96981)
Butler Curwood, PLC
140 Virginia Street, Suite 302
Richmond, VA 23219
Telephone: (804) 648-4848
Fax: (804) 237-0413
Email: craig@butlercurwood.com
　　　　zev@butlercurwood.com
　　　　samantha@butlercurwood.com

*Attorneys for Plaintiffs*